1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ELLEN K. KENNETT,

11

              Plaintiff,

CASE NO. 14-cv-05770 JRC

12

    v.

ORDER ON PLAINTIFF'S
COMPLAINT

13

14

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

15

              Defendant.

16

17

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20

Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 16, 17, 18).

21

     After considering and reviewing the record, the Court concludes that the ALJ

22

erred in failing to include in plaintiff's residual functional capacity ("RFC") finding all of

23

24

the limitations assessed by Dr. Ron Nielsen, M.D. Because the RFC should have included

additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

<u>BACKGROUND</u>

Plaintiff, ELLEN K. KENNETT, was born in 1969 and was 40 years old on the alleged amended date of disability onset of July 19, 2010 (*see* AR. 78, 100, 248-54, 255-60). Plaintiff completed a medical assistant program (AR. 103). Plaintiff has work history as a cashier and cook (AR. 286-97).

According to the ALJ, plaintiff has at least the severe impairments of "obesity; diabetes mellitus type II; numbness and tingling in the feet; and psoriasis (20 CFR 404.1520(c) and 416.920(c))" (AR. 80).

At the time of the hearing, plaintiff was living in a home with her youngest son (AR. 105-06).

<u>PROCEDURAL HISTORY</u>

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 141-48, 149-58, 159-68, 169-77). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on December 3, 2012 (*see* AR. 95-138). On January 22, 2013, the ALJ issued a written

decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 75-94).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; (4) Whether or not the ALJ's step four finding is supported by substantial evidence; (5) Whether or not the ALJ erred by basing his step four and five findings on a residual functional capacity assessment that did not include all of plaintiff's limitations; and (6) Whether or not new evidence submitted to the Appeals Council shows that the ALJ's decision was not supported by substantial evidence and/or that it was based on legal error (*see* Dkt. 16, p. 2). Because this Court reverses and remands the case based on issues 1, 3, 4, and 5, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1)      **Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff contends that the ALJ erred by improperly rejecting part of the medical opinion of Dr. Ron Nielsen, M.D. (*see* Opening Brief, Dkt. 16, pp. 3-4). On July 14, 2011, Dr. Nielsen completed a physical disability evaluation, including a functional assessment of plaintiff's capabilities (*see* AR. 338-42). In his functional assessment, Dr. Nielsen opined, among other limitations, that "with appropriate breaks, there is no true limitation to [plaintiff's] sitting, especially if she is able to get her feet up and use a cold pack intermittently" (*see* AR. 341).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v.Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).

"In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

1    Here, the ALJ gave Dr. Nielsen's opinion "some weight," incorporating some

2    findings into the RFC but ultimately omitting any sitting limitation from the RFC (*see*

3    AR. 84, 87). In evaluating Dr. Nielsen's opinion, the ALJ recognized that Dr. Nielsen

4    opined that plaintiff could "sit without limitations, especially if she could lift her feet

5    intermittently" (*see* AR. 87). However, the ALJ's analysis of Dr. Nielsen's opinion only

6    gave reasons for rejecting Dr. Nielsen's finding that plaintiff could stand and walk no

7    more than one hour per day (*see id.*). The ALJ did not give any reason for rejecting the

8    opinion that plaintiff had no sitting limitation if given appropriate breaks and especially if

9    she could lift her feet and use a cold pack intermittently (*see id.*). Furthermore,

10   defendant's brief does not respond to plaintiff's allegation of error regarding a sitting

11   limitation (*see* Defendant's Brief, Dkt. 17, pp. 3-6, 16-17).

12   

13   These qualifications to plaintiff's ability to work while sitting were significant

14   probative evidence that the ALJ could not reject without explanation. While Dr. Nielsen

15   stated that plaintiff had no true limitation to her sitting, he couched it in the conditions

16   that plaintiff would need appropriate breaks and could use the ability to lift her feet and

17   use a cold pack. If there was ambiguity as to the absolute necessity of these conditions in

18   Dr. Nielsen's functional assessment, the ALJ had the duty to seek clarification. *See*

19   *Tonapetyan, supra*, 242 F.3d at 1150 (the ALJ "has an independent 'duty to fully and

20   fairly develop the record and to assure that the claimant's interests are considered.'"

21   (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v.*

22   *Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). Also, that the ALJ asked the

23   vocational expert ("VE") during the hearing if plaintiff needing to lift her feet would

24

preclude her from certain jobs indicates that the ALJ understood the condition to be a further restriction on plaintiff's ability to work while sitting, one for which no reason was given to reject it (*see* AR. 136). Therefore, the ALJ erred in rejecting this part of Dr. Nielsen's opinion without providing any specific and legitimate reasons supported by substantial evidence.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ improperly omitted part of Dr. Nielsen's opinion in forming the RFC without providing specific and legitimate reasons, and plaintiff was found to be capable of performing work based on that RFC (as further discussed below), the error affected the ultimate disability determination and is not harmless.

     (2)     **Whether or not the ALJ's step four finding is supported by substantial evidence.**

Plaintiff argues that the ALJ's step four finding that plaintiff is capable of performing past work is not supported by substantial evidence because her past work as a

companion did not qualify as substantial gainful activity (*see* Opening Brief, Dkt. 16, p.

17). Defendant concedes that the ALJ erred here but argues that the error is harmless

because the ALJ made alternative findings at step five supported by substantial evidence

(*see* Defendant's Brief, Dkt. 17, p. 16). However, because as discussed below the step

five finding was also in error, this error is not harmless.

     (3)    **Whether or not the ALJ's step five finding is based on an RFC assessment that did not include all of plaintiff's limitations.**

Plaintiff argues that the ALJ's step five finding was based on an RFC that did not

include all of plaintiff's limitations (*see* Opening Brief, Dkt. 16, pp. 17-18). As discussed

above, the ALJ erred by failing to include limitations opined by Dr. Nielsen regarding

plaintiff's ability to work while sitting. Specifically, when the VE was asked whether

plaintiff could perform the jobs listed in the ALJ's step five finding if she had to

"occasionally raise her feet to the knee level while sitting," the VE testified that plaintiff

would be precluded from those jobs (*see* AR. 136). Therefore, the ALJ's step five finding

was in error.

The Court may remand this case "either for additional evidence and findings or to

award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an

ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear

from the record that the claimant is unable to perform gainful employment in the national

economy," and that "remand for an immediate award of benefits is appropriate." *Id.*

Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite additional limitations. Accordingly, remand for further consideration is warranted in this matter.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 6th day of August, 2015.

J. Richard Creatura
United States Magistrate Judge